UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JODI HAMSTRA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18 CV 67 |
| GREG HAMSTRA, | ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on defendant Greg Hamstra's motion to dismiss. (DE # 6.) For the reasons identified below, defendant's motion will be granted.

## I.    BACKGROUND

Plaintiff Jodi Hamstra brought the present suit against her ex-husband, defendant Greg Hamstra, for actions he allegedly took during the course of the parties' dissolution of marriage proceedings before the Jasper County Superior Court. (DE # 1 at 1.) According to Jodi, during the course of these proceedings Greg intentionally misled her regarding his ownership of a certain marital asset, leading to her acceptance of an unfavorable property settlement agreement.

Jodi's complaint alleges the following facts, which this court accepts as true for purposes of the pending motion to dismiss. At the time of the dissolution proceedings, Greg and a third party, Mitchell Van Kley, were members and managers of GJMS, LLC, an entity that owned various parcels of real estate. (*Id.* at 2.) Jodi argues that Greg's membership interest in GJMS was a marital asset. (*Id.*) During the course of discovery,

Greg provided Jodi with a GJMS Financial Summary report which showed that GJMS owned four properties, including a property known as "French Lick." (*Id.*) On March 16, 2016, GJMS sold the French Lick property for $630,000 – yet Greg never disclosed the sale of the property during the course of discovery. (*Id.*) Jodi alleges that Greg intentionally withheld this information. (*Id.*) Jodi also alleges that Kley conspired with Greg to conceal the sale of the property by testifying at his deposition on May 2 and 3, 2016, that the French Lick property was an asset of GJMS. (*Id.*)

On May 20, 2016, Jodi and Greg participated in a mediation that resulted in a settlement agreement regarding the marital assets. (*Id.* at 3.) As part of the settlement, Jodi received 100% of Greg's membership interest in GJMS. (*Id.*) The settlement agreement also stated that Greg would obtain the agreement of the other members of GJMS to transfer their interests to Jodi. This was later accomplished through a separate, out-of-court agreement. (DE # 1-1 at 7; DE # 9 at 2.) Jodi alleges that she agreed to the settlement based on her understanding that GJMS owned four properties, including French Lick, and claims that she would not have agreed to the terms of the settlement if she had known GJMS no longer owned French Lick. (*Id.*) In her complaint, Jodi argues that Greg's intentional omission and misrepresentation constitutes fraud. (*Id.* at 4.)

Greg now moves to dismiss the claims against him on the basis that this court lacks jurisdiction to consider Jodi's claims. (DE # 6 at 1.) He argues that the complaint poses an impermissible collateral attack on the Jasper County Superior Court's dissolution decree, which incorporated the property settlement agreement. (DE # 6-1 at

2

4.) Though he does not identify them as such, Greg's motion raises two issues: (1) whether this court is deprived of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; and (2) whether Jodi's claims are barred by the collateral estoppel doctrine. Jodi responded to both of these arguments. Greg failed to file a reply brief and the time to do so has passed. This matter is now ripe for resolution.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. V. Sears, Roebucks & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). A facial attack is a challenge to the sufficiency of the pleading itself. *Id*. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 444. "In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Id.* (quoting *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.2003)) (emphasis in original). Where there is a factual challenge to subject matter jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (internal quotation marks and citation omitted). Here, Greg presents a facial challenge to this court's subject matter jurisdiction.

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. ANALYSIS

#### A. *Subject Matter Jurisdiction*

Greg argues that the only court that may exercise jurisdiction over this matter is the court that entered the dissolution decree. Greg's argument appears to be rooted in the *Rooker-Feldman* doctrine. Jodi contends that this doctrine is inapplicable because she does not seek to overturn the state court judgment, but seeks damages for fraud that imposed an extrajudicial injury, citing *Iqbal v. Patel*, 780 F.3d 728 (7th Cir. 2015).

The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v.*

4

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

This court agrees that the *Rooker-Feldman* doctrine does not apply because Jodi does not seek this court's review and rejection of the state court's entry of the parties' property settlement. Rather, she seeks damages for Greg's conduct during the course of the litigation. *See Bargo v. Porter Cty., Indiana*, 734 F. App'x 375, 377 (7th Cir. 2018) (plaintiff's claims for conspiracy, fraud, and intimidation were not barred by *Rooker-Feldman* because his claims did not attack the state court judgment, but rather the unlawful conduct that led the state court to rule against him); *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018) (*Rooker-Feldman* did not apply where plaintiffs did not ask the district court to alter or annul the state court decision); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (same); *Patel*, 780 F.3d at 730 ("[I]f a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction—but only to the extent of dealing with that injury."). Thus, this court may properly exercise diversity jurisdiction.

B.   *Issue Preclusion*

Greg also argues that, under Indiana law, a claim that one party committed fraud during the negotiation of a court-approved property settlement constitutes an impermissible collateral attack on the court's judgment. (DE # 6-1 at 4.) He argues that the only remedy available to Jodi is a modification of the decree by the court that entered the order, and argues that in no case would Jodi be entitled to damages.

Courts are to "apply state res judicata principles when the earlier action in

question was decided in state court." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 n.3 (7th Cir. 2011). Here, an Indiana court adjudicated the parties' dissolution of marriage and approved the property settlement at issue. Thus, this court will apply Indiana's principles of res judicata.

Under Indiana law, "[t]he principle of res judicata is divided into two branches: claim preclusion and issue preclusion. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies." *French v. French*, 821 N.E.2d 891, 896 (Ind. Ct. App. 2005). On the other hand, "[i]ssue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or same issue between the same parties or their privies where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action." *Id.* Although res judicata is an affirmative defense typically raised in an answer, and then in a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it may properly serve as the basis for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) when the basis for the motion is evident in the complaint itself. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

The parties agree that the Supreme Court of Indiana's decision in *Dodd v. Estate of Yanan*, 625 N.E.2d 456 (Ind. 1993) governs preclusion issues when one party impermissibly attacks a prior dissolution decree. The Court's opinion in *Dodd* is brief, and largely relies on the Court of Appeals' decision in *Anderson v. Anderson*, 399 N.E.2d

6

391 (Ind. Ct. App. 1979), and thus this court will begin its analysis with *Anderson*.

In *Anderson*, a husband and wife executed a property settlement agreement during the course of the dissolution of their marriage. *Id.* at 394. Several months later, the wife filed a separate action alleging that the husband committed fraud during their property settlement negotiations by misrepresenting the value of the assets she would receive as part of the settlement. *Id.* at 395. The husband argued that the wife's complaint impermissibly collaterally attacked the dissolution decree. *Id.* The wife responded that her complaint stated an independent action for fraud in the procurement of a judgment, pursuant to Indiana Rule of Procedure, Trial Rule 60(b), and an independent action for fraud in the inducement of a contract. The Court of Appeals rejected both of the wife's arguments. First, the Court found that any claim for fraudulent inducement of the settlement contract posed an impermissible collateral attack precluded by res judicata. *Id.* at 397-399. Next, the Court found that the wife could not maintain an action for damages for fraud in the procurement of a judgment because the mechanism for such a claim arises out of Rule 60, and Rule 60 provides for equitable relief only. *Id.* at 401. As Jodi admits in her brief, *Anderson* holds that "the dissolution decree is preclusive of any action regarding marital property, including actions which challenge the fraudulent means by which the decree was obtained." (DE # 9 at 7.)

In *Dodd*, the Supreme Court of Indiana summarily rejected a wife's claim that her husband fraudulently induced her to enter into a property settlement agreement by

7

misrepresenting his net worth. 625 N.E.2d at 456. In its opinion, the Supreme Court of Indiana relied on the *Anderson* court's holding that "[a] judgment of dissolution is a final judgment not subject to collateral attack in a sister court. . . 'It has long been the law in Indiana that a litigant defeated in a tribunal of competent jurisdiction may not maintain an action for damages against his adversary or adverse witnesses on the ground the judgment was obtained by false and fraudulent practices or by false and forced evidence.'"[1] *Id.* at 457 (quoting *Anderson*, 399 N.E.2d at 399).

It is clear under both *Dodd* and *Anderson* that Indiana gives preclusive effect to claims of fraud arising from a party's conduct during property settlement negotiations.[2] For her part, Jodi does not contest that *Dodd* and *Anderson* represent the current state of Indiana preclusion law regarding claims of fraudulent conduct underlying an adverse

---

[1] While *Dodd* was decided in 1993, this rule continues to be applied by the Court of Appeals of Indiana today. *See e.g. Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 247 (Ind. Ct. App. 2013); *Dean v. Dean*, 785 N.E.2d 309, 311 (Ind. Ct. App. 2003); *South Haven Sewer Works, Inc. v. Jones*, 757 N.E.2d 1041, 1045 (Ind. Ct. App. 2001).

[2] Jodi's complaint does not specify whether her claim is for fraud in the inducement of a contract or fraud in the procurement of a judgment – nor was she required to at this stage of the litigation. *See* Fed. R. Civ. P. 8(a). However, she cannot prevail under either theory in this court. If her claim is for fraud in the inducement, her claim is barred by collateral estoppel. *See Dodd,* 625 N.E.2d at 457. Alternatively, if her claim is for fraud in the procurement of a judgment she would be limited to equitable relief only, in the form of relief from the dissolution judgment. *Anderson*, 399 N.E.2d at 400. This court lacks subject matter jurisdiction over any claim for fraud in the procurement because such a claim woud (1) fail to meet the amount in controversy requirement of diversity jurisdiction; and (2) run afoul of the *Rooker-Feldman* doctrine. *See id.* ("An attack upon a judgment for fraud in its procurement has long been recognized in Indiana as a direct attack [on the judgment] to which the rule of former adjudication does not apply.").

judgment. Rather, she argues that this preclusion rule does not apply to bar her present claim, for three reasons.

First, Jodi claims that issue preclusion only bars subsequent litigation of an issue that was "actually litigated" in a former suit. She argues her claim is not precluded because Greg's alleged fraud was not litigated and adjudicated in the dissolution proceedings. (DE # 9 at 9.) First, the court notes that under Indiana law issue preclusion typically serves to bar any issue that was either actually litigated or that *could have* been litigated in the prior suit. *TacCo Falcon Point, Inc. v. Atlantic Ltd. Partnership XII*, 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010). Neither party addresses the issue of whether Jodi could have raised the issue of fraud in the state court proceeding. However, this makes no difference in this case. In *Dodd*, the Supreme Court of Indiana explicitly found that the wife's fraud claim was precluded even though she did not discover the fraud until years after it had been committed. Thus, in *Dodd*, preclusion applied even though the wife's claim was not – and could not – have been litigated in the underlying suit. It is the duty of this court, sitting in diversity jurisdiction, to apply the law that would be applied by the Supreme Court of Indiana. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). The Supreme Court of Indiana has categorically precluded fraud claims in this type of case, and therefore this court must do the same.

Jodi next argues that preclusion does not apply because the asset in question, GJMS, was a substantially non-martial asset. While Jodi admits that Greg's interest in the property was a martial asset, she argues that she also acquired the interests of the

other partners of GJMS and their interests were not martial assets. Thus, because the other partners were not parties to the dissolution proceedings, her fraud claim as it relates to the other partners' interest in GJMS is not subject to issue preclusion. Yet, Jodi did not filed suit against the other partners of GJMS, she filed suit against Greg, for actions Greg took during the state court litigation. Greg's interest in GJMS *was* adjudicated in the dissolution decree.

Jodi also argues that, with respect to Greg's interest in GJMS, the decree "merely adjudicated the fact that he would transfer his interest, but it did not make any adjudication as to what that interest consisted of." (DE # 9 at 10.) Jodi did not point to any authority that would support such hair-splitting in the application of the preclusion doctrine.

Finally, Jodi argues that issue preclusion does not apply because judgments are only conclusive against parties in the character in which they sue or are sued. She argues that Greg carried out his fraudulent scheme both as Jodi's husband and as a partner of GJMS. She argues that no claim has been adjudicated against Greg in his capacity as a partner, and therefore issue preclusion does not apply. Jodi points to a second holding in *Anderson*, wherein the Court held that the wife could proceed with her legal malpractice claim against the husband, an attorney. The wife claimed that the husband convinced her that she did not need to retain separate counsel for purposes of the property settlement negotiations, and then committed legal malpractice when he advised her of her legal rights and remedies during the course of those negotiations.

The Court of Appeals found that although the wife's claim for fraud was barred by the doctrine of res judicata, her claim against her husband in his separate capacity as an attorney for legal malpractice was not barred. *Anderson*, 399 N.E.2d at 401.

The holding in *Anderson* does not lend credence to Jodi's argument. In *Anderson*, the wife did not attempt to parse her fraud claim into separate claims against her husband in his capacity as a spouse *and* in his capacity as an attorney, as Jodi does. Rather, the wife brought an entirely different claim against the husband alleging that he violated an independent duty he owed to her in a separate capacity. Here, Jodi admits that Greg sold the French Lick property in his capacity as a partner, yet her fraud claim is based on Greg's actions as a litigant in the dissolution proceedings. Jodi has not sued Greg in his capacity as a partner for selling the property, but rather for lying about it in the dissolution litigation.

For these reasons, Jodi's claims against Greg are barred by the doctrine of issue preclusion, and her complaint must be dismissed.

C.     *Attorneys Fees*

Greg has requested that this court award attorneys fees and costs incurred in bringing the motion to dismiss. Federal Rule of Civil Procedure 11(c) permits a district court to impose sanctions upon an attorney, law firm, or party that has violated its duty to present only good-faith, non-frivolous arguments, pleadings, and motions before the court. However, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.

R. Civ. P. 11(c)(2). "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999). Here, Greg's request was included at the end of his motion. This is procedurally improper and must be denied. Moreover, although she has not ultimately prevailed, there is no evidence that Jodi's pleadings were made in bad-faith, were frivolous, or were designed to harass or abuse. The fact that the parties disagreed on the correct application of the law does not warrant the imposition of sanctions. Therefore, Greg's request for attorneys fees is denied.

## IV.  CONCLUSION

For these reasons, the court **GRANTS** defendant's motion to dismiss (DE # 6), and dismisses this case.

Date: September 19, 2018

**SO ORDERED.**

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT